IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| JASON ANTTI, | :: | MOTION TO VACATE |
|    Movant pro se, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 4:13-CR-20-HLM-1 |
| UNITED STATES OF AMERICA, | :: | |
|    Respondent. | :: | CIVIL ACTION NO. |
| | :: | 4:14-CV-237-HLM-WEJ |

## **FINAL REPORT AND RECOMMENDATION**

This matter has been submitted to the undersigned Magistrate Judge for consideration of movant Jason Antti's pro se Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 [20] ("Motion to Vacate"), as amended [22] ("Amended Motion"), the government's Motion to Dismiss and Response [27], and Mr. Antti's Response [30]. For the reasons stated below, the undersigned **RECOMMENDS** that the government's Motion to Dismiss be **GRANTED**, that the Motion to Vacate be **DISMISSED** as barred by Mr. Antti's plea agreement, and that the Court **DECLINE** to issue a certificate of appealability.

### **I.    PROCEDURAL HISTORY**

A federal grand jury in the Northern District of Georgia returned a three-count indictment against Mr. Antti, charging him in Count One with crossing a state line with

intent to engage in a sexual act with another person who had not attained the age of twelve years, in violation of 18 U.S.C. § 2241(c); in Count Two with knowingly attempting to induce a minor to engage in sexual activity, in violation of 18 U.S.C. § 2242(b); and in Count Three with travel in interstate commerce for the purpose of engaging in illicit sexual conduct with a minor, in violation of 18 U.S.C. § 2423(b). United States v. Antti, No. 4:12-CR-30-RLV-WEJ-1 (N.D. Ga. Oct. 9, 2012), Indict. [1].  Pursuant to a negotiated plea agreement in which the government agreed to dismiss any and all remaining counts in Case Number 4:12-CR-30-RLV-WEJ-1, Mr. Antti entered a guilty plea to an Information charging him with knowingly attempting to induce a minor to engage in sexual activity, in violation of § 2242(b).  (Information [1]; Guilty Plea & Plea Agreement [4] 1, 3; Plea Tr. [24].)  The plea agreement included an appeal waiver provision, which provided that Mr. Antti

> voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that [Mr. Antti] may file a direct appeal of an upward departure or a variance from the sentencing guideline range as calculated by the district court.

(Guilty Plea & Plea Agreement 7.)  This provision of the plea agreement further provided that Mr. Antti could file a cross appeal if the government appealed the

sentence. (Id.) Mr. Antti signed the plea agreement and a separate certification section, which states in relevant part:

> I understand that the appeal waiver contained in the Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my conviction and sentence or challenging my conviction and sentence in any post-conviction proceeding. No one has threatened or forced me to plead guilty, and no promises or inducements have been made to me other than those discussed in the Plea Agreement.

(Id. at 9-10.)

At the plea hearing, Mr. Antti was sworn in and confirmed that he understood the nature of the charge against him and that he had talked it over with his attorney. (Plea Tr. 3-4.) Mr. Antti also acknowledged that he had read, understood, and discussed the plea agreement with his attorney. (Id. at 6-7.) The Court then explained to Mr. Antti the rights he was giving up in pleading guilty, and Mr. Antti stated that he understood. (Id. at 7-10.) Mr. Antti also understood that he faced a possible maximum sentence of life imprisonment and a mandatory minimum sentence of ten years of imprisonment. (Id. at 10-11.) The Court reviewed the terms of the appeal waiver provision of the plea agreement and its consequences, and Mr. Antti affirmed that he understood the effect of the waiver. (Id. at 14-15.) Mr. Antii then confirmed that no one had promised him anything not included in the plea agreement or

3

threatened him to plead guilty. (Id. at 16.) The prosecutor summarized what the evidence would show if the case went to trial, and Mr. Antti agreed with those facts. (Id. at 16-19.) The Court accepted Mr. Antti's plea. (Id. at 20.)

At the sentencing hearing, the Court determined that Mr. Antti's guideline range was 188 to 235 months of imprisonment and sentenced him to 180 months of imprisonment followed by fifteen years of supervised release.[1] (Sentencing Hr'g Tr. [25] 34-35; J. [11].) Mr. Antti did not file a direct appeal of his convictions and sentences.

Mr. Antti timely filed the instant Motion to Vacate, asserting, in pertinent part, that "[t]he Government did not uphold their end of the Plea Agreement." (Mot. Vacate 5.) In his Amended Motion, which supercedes his initial Motion to Vacate, Mr. Antti argues only that his "[p]lea was induced by misrepresentations" in that he expected his sentence to be at the low end of the guideline range, which he believed was fifty-seven to seventy-one months of imprisonment, and his supervised release term to be no more than five years. (Am. Mot. 4.) The government moves to dismiss the Motion to

---

[1] Although the Court erroneously informed Mr. Antti during his plea hearing that he faced only a five-year term of supervised release, Mr. Antti did not object when the Court corrected this error at sentencing. (Plea Tr. 11; Sentencing Hr'g Tr. 35, 37.) The correct supervised release term was "up to life." (Sentencing Hr'g Tr. 35.)

4

Vacate as barred by Mr. Antti's valid appeal waiver. (Gov't Mot. & Resp. 9-11.) In his response, Mr. Antti restates what he contends he reasonably expected his sentence would be at the time he entered his guilty plea. (Movant's Resp.)

## II. DISCUSSION

### A. Legal Standards

A federal prisoner may file a motion to vacate his sentence

> upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255(a). "[T]o obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982). An evidentiary hearing is not warranted if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Based on the record before the Court, the undersigned **REPORTS** that an evidentiary hearing is not required in this case. See Diaz v. United States, 930 F.2d 832, 834 (11th Cir. 1991) (noting that, although a prisoner seeking collateral relief is entitled to an evidentiary hearing if relief is warranted by the facts he alleges,

5

which the court must accept as true, a hearing is not required if the record conclusively demonstrates that no relief is warranted).

### B.     Appeal Waiver

"It is well-settled that sentence-appeal waivers are valid if made knowingly and voluntarily." <u>Williams v. United States</u>, 396 F.3d 1340, 1341 (11th Cir. 2005) (citation omitted).

> [F]or a sentence-appeal waiver to be enforceable, "[t]he government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the [plea] colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver."

<u>Id.</u> (citation omitted). A valid appeal waiver, entered into freely and voluntarily, pursuant to a negotiated plea agreement, precludes the defendant from challenging the Court's determinations at sentencing. <u>United States v. Weaver</u>, 275 F.3d 1320, 1333 (11th Cir. 2001).

At the plea hearing, the Court specifically questioned Mr. Antti about the appeal waiver, and it is clear that Mr. Antti understood the full significance of the waiver. (Plea Tr. 14-15.) Accordingly, the undersigned finds that Mr. Antti voluntarily and intelligently waived his right to appeal his convictions and sentences and to pursue any other collateral post-conviction relief. The only exceptions to this waiver, i.e. a

6

government appeal or a sentence that exceeds the guideline range as calculated by the Court, do not apply here. Thus, Mr. Antti's valid appeal waiver precludes his challenge to his sentence. Williams, 396 F.3d at 1342; Weaver, 275 F.3d at 1333.

To the extent that Antti challenges the validity of his guilty plea based on his alleged misunderstanding of the possible sentence he faced, such a claim is baseless. The plea agreement did not include a predicted guideline range, and Mr. Antti acknowledged during the plea hearing that no one had promised him anything not included in the plea agreement. (Guilty Plea & Plea Agreement; Plea Tr. 16.) Furthermore, Mr. Antti confirmed his understanding that he faced a mandatory minimum sentence of ten years (120 months) of imprisonment. (Plea Tr. 10-11.) Thus, petitioner's contention that he believed he would receive a sentence of "around 60 months" is belied by the record. Additionally, as previously noted, although the Court erroneously informed Mr. Antti during his plea hearing that he faced only a five-year term of supervised release, Mr. Antti did not object when the Court later corrected this error. (Plea Tr. at 11; Sentencing Hr'g Tr. at 35, 37.) Moreover, Mr. Antti has not alleged that he would not have pleaded guilty had he understood the sentence he actually faced. Thus, Mr. Antti is not entitled to relief. See United States v. Steele, 155 F. App'x 455, 457-58 (11th Cir. 2005) (per curiam) (holding that "the district

7

court did not plainly err when it misstated [defendant's] maximum term of supervised release during his plea colloquy," where the district court later corrected the error at sentencing and defendant did not object or allege that he would not have pleaded guilty had he known the correct maximum term of supervised release).

## III.   CERTIFICATE OF APPEALABILITY

Under Rule 22(b)(1) of the Federal Rules of Appellate Procedure, "the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." 28 U.S.C. foll. § 2255, Rule 11(a). Section 2253(c)(2) of Title 28 states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A movant satisfies this standard by showing "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Based on the foregoing discussion of Mr. Antti's claim for relief, the

resolution of the issues presented is not debatable by jurists of reason; thus, the Court should deny a certificate of appealability.

## IV. CONCLUSION

For the reasons set forth above, the undersigned **RECOMMENDS** that the government's Motion to Dismiss [27] be **GRANTED**, that Mr. Antti's Motion to Vacate [20], as amended [22], be **DISMISSED** as barred by his plea agreement, and that the Court **DECLINE** to issue a certificate of appealability.

The Clerk is **DIRECTED** to terminate the referral of the Motion to Vacate to the undersigned.

**SO RECOMMENDED**, this 19th day of December, 2014.

_Walter E. Johnson_
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

9