IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

JASON ANTTI,

v.

CRIMINAL ACTION FILE
NO.: 4:13-CR-20-01-HLM

CIVIL ACTION FILE NO.:
4:14-CV-0237-HLM-WEJ

UNITED STATES OF AMERICA.

ORDER

This case is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, which Petitioner filed under 28 U.S.C.A. § 2255 ("§ 2255 Motion") [20], on Petitioner's Amended Motion to Vacate, Set Aside or Correct Sentence Under § 2255 ("Amended § 2255 Motion") [22], on the Government's Response and Motion to Dismiss [27], and on the Final Report and Recommendation of United States Magistrate Judge Walter E. Johnson [31].

## I. Standard of Review for a Report and Recommendation

28 U.S.C. § 636(b)(1) requires that in reviewing a magistrate judge's report and recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court therefore must conduct a de novo review if a party files "a proper, specific objection" to a factual finding contained in the report and recommendation. Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006); Jeffrey S. by Ernest S. v. State Bd. of Educ., 896 F.2d 507, 513 (11th Cir. 1990); United States v. Gaddy, 894 F.2d 1307, 1315 (11th Cir. 1990); LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir. 1988). If no party files a timely objection to a factual finding in the report and recommendation, the Court reviews that finding for clear error. Macort, 208 F. App'x at 784. Legal conclusions, of course, are subject to de novo review even if no party specifically objects.

2

United States v. Keel, 164 F. App'x 958, 961 (11th Cir. 2006); United States v. Warren, 687 F.2d 347, 347 (11th Cir. 1982).

## II. Background

The Court has reviewed the procedural history portion of the Final Report and Recommendation and the record in this action, and concludes that Judge Johnson correctly set forth the procedural history of this case. The Court therefore incorporates that portion of the Final Report and Recommendation into this Order as if set forth fully herein. (Final Report & Recommendation (Docket Entry No. 31) at 1-5.)

On December 19, 2014, Judge Johnson issued his Final Report and Recommendation. (Docket Entry No. 31.) Judge Johnson recommended that the Court grant the Government's Motion to Dismiss and that the Court dismiss the § 2255 Motion and Amended § 2255 Motion as barred by Petitioner's plea agreement. (Id.)

3

AO 72A
(Rev.8/8
2)

Petitioner has not filed Objections to the Final Report and Recommendation. (See generally Docket.) The time period for filing Objections has expired, and the Court therefore finds that the matter is ripe for resolution.

## III. Discussion

As an initial matter, the Court agrees with Judge Johnson that an evidentiary hearing is not required in this case. (Final Report & Recommendation at 5.) Further, Judge Johnson properly found that the appeal waiver contained in Petitioner's plea agreement barred his § 2255 Motion and Amended § 2255 Motion. (Id. at 6-7.) Moreover, Judge Johnson correctly concluded that any challenge to the validity of Petitioner's guilty plea based on his alleged misunderstanding of the possible sentence he faced was baseless, and that Petitioner was not entitled to relief. (Id. at 7-8.) Finally, Judge Johnson properly found that Petitioner was not entitled to a certificate of appealability. (Id. at 8-9.) The Court therefore adopts the Final Report and Recommendation, grants the Government's

4

Motion to Dismiss, and dismisses Petitioner's § 2255 Motion and Amended § 2255 Motion.

## IV. Conclusion

ACCORDINGLY, the Court **ADOPTS** the Final Report and Recommendation of United States Magistrate Judge Walter E. Johnson [31], **GRANTS** the Government's Motion to Dismiss [27], **DENIES** Petitioner's § 2255 Motion [20], and **DENIES** Petitioner's Amended § 2255 Motion [22]. The Court **DECLINES** to issue a certificate of appealability. Finally, the Court **DIRECTS** the Clerk to **CLOSE** the civil case associated with the § 2255 Motion: Civil Action File No. 4:14-CV-0237-HLM-WEJ.

IT IS SO ORDERED, this the 13 day of January, 2015.

_____
UNITED STATES DISTRICT JUDGE

AO 72A (Rev.8/8